UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CLINT BARNES,

        Plaintiff,

  -against-

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK,
A MEMBER COMPANY OF AMERICAN
INTERNATIONAL GROUP, INC., AND L-3
COMMUNICATIONS CORPORATION,

        Defendants.
------------------------------------------------------------x

Civil Action No. 08 CV 6222

**ANSWER TO COMPLAINT**

Defendants, *AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, A MEMBER COMPANY OF AMERICAN INTERNATIONAL GROUP, INC., AND L-3 COMMUNICATIONS CORPORATION*, by their attorneys, Schnader Harrison Segal & Lewis LLP, answering plaintiffs' Complaint dated July 8, 2008 respectfully state as follows:

1. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2" of the Complaint.

3. Admit the allegations contained in paragraphs "3" of the Complaint.

4. Admit the allegations contained in paragraphs "4" of the Complaint.

5. Admit the allegations contained in paragraphs "5" of the Complaint.

6. Admit the allegations contained in paragraphs "6" of the Complaint.

7. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint, except admit that client Barnes was an employee of L-3 and that the coverages alleged were in place.

8. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8" of the Complaint, except admit that is what is disclosed by the administrative record.

9. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "9" of the Complaint, except admit that is what is disclosed by the administrative record.

10. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "10" of the Complaint, except admit that is what is disclosed by the administrative record.

11. Admit the allegations contained in paragraphs "11" of the Complaint.

12. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint, and refer to declaration of coverage for its contents.

13. Admit the allegations contained in paragraphs "13" of the Complaint.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint, and refer to terms of appellate determination for its contents.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Defendants, repeat, reiterate and reallege each and every allegation contained in paragraph "1" through "14" with the same force and effect as more fully set forth at length herein.

16. Deny each and every allegation contained in paragraphs "16" of the Complaint, and further state that death related to medical malpractice is not "accidental" on the facts of this case. Therefore, the question of whether it is also excluded is immaterial.

17. Deny each and every allegation contained in paragraphs "17" of the Complaint, and further state that death related to medical malpractice is not "accidental" on the facts of this case. Therefore, the question of whether it is also excluded is immaterial.

18. Admit the allegations contained in paragraph "18" of the Complaint.

19. Deny each and every allegation contained in paragraphs "19" of the Complaint, and further state that death related to medical malpractice is not "accidental" on the facts of this case. Therefore, the question of whether it is also excluded is immaterial.

20. Deny each and every allegation contained in paragraphs "20" of the Complaint, and further state that death related to medical malpractice is not "accidental" on the facts of this case. Therefore, the question of whether it is also excluded is immaterial.

21. Deny each and every allegation contained in paragraph "21" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Defendants, repeat, reiterate and reallege each and every allegation contained in paragraph "1" through "21" with the same force and effect as more fully set forth at length herein.

23. Deny each and every allegation contained in paragraphs "23" of the Complaint, and refer all issues of law to the court.

24. Deny each and every allegation contained in paragraphs "24" of the Complaint, and refer all issues of law to the court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE ERISA

25. To the extent extracontractual relief is sought, this action is barred by operation of ERISA, 29 U.S.C. § 1001.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE ERISA

26. L-3 is an improper party to this case.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE ERISA

27. AIG's determination was neither arbitrary nor capricious, but rather was supported by substantial evidence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE ERISA

28. All claims for interest are barred by *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE ERISA

29. The subject complaint fails to state a claim upon which relief may be granted, specifically, because as described in the complaint, Trudy Barnes did not experience a qualifying "accident."

**WHEREFORE**, the answering defendants demand judgment dismissing the Complaint

of the Plaintiff, together with the attorneys' fees, costs and disbursements of this action.

**Dated:** New York, New York
July 29, 2008

SCHNADER HARRISON SEGAL & LEWIS LLP

**By:** _____
Carl J. Schaerf
140 Broadway, Suite 3100
New York, NY 10005-1101
Telephone: 212-973-8000
Facsimile: 212-972-8798
*Attorneys for Defendants,*
*AMERICAN INTERNATIONAL LIFE ASSURANCE*
*COMPANY OF NEW YORK, A MEMBER COMPANY*
*OF AMERICAN INTERNATIONAL GROUP, INC.,*
*AND L-3 COMMUNICATIONS CORPORATION.*

**To:** Michael E. Quiat, Esq.
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CLINT BARNES,

               Plaintiff,

   -against-

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK,
A MEMBER COMPANY OF AMERICAN
INTERNATIONAL GROUP, INC., AND L-3
COMMUNICATIONS CORPORATION,

               Defendants.
-----------------------------------------------------------x

Civil Action No. 08 CV 6222

**ANSWER TO COMPLAINT**

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

    Claudia P. Manchola, being duly sworn, deposes and says:

    That she is not a party to this action, is over eighteen (18) years of age, resides in Queens County, Elmhurst, New York and that on the twenty-ninth (29th) day of July, 2008, she served the within **ANSWER TO COMPLAINT** upon:

        Michael E. Quiat, Esq.
        USCHER, QUIAT, USCHER & RUSSO
        A Professional Corporation
        433 Hackensack Avenue, 2nd Floor
        Hackensack, NJ 07601

by depositing a true copy of same securely enclosed in a postal delivery package in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                                     _____
                                                                     CLAUDIA P. MANCHOLA

Sworn to before me this
29th day of July, 2008.

_____
Notary Public
TIMOTHY CLANCY
NOTARY PUBLIC, State of New York
No. 01CL5021469
Qualified in New York County
Commission Expires Dec. 13, 2009

PHDATA 3114083_1